KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER     Bar No. 066401
NANCY BARRON       Bar No. 099278
WILLIAM M. KRIEG    Bar No. 066485
ADAM J. McNEILE     Bar No. 280296
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for Plaintiffs LUCRESIA CISNEROS and the putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUCRESIA CISNEROS, individually, on behalf of others similarly situated,<br><br>                      Plaintiff,<br><br>     vs.<br><br>AMERICAN GENERAL FINANCIAL SERVICES, INC. dbd AMERICAN GENERAL FINANCE, INC.; HISPANIC EDUCATIONAL, INC.; LOGIC'S CONSULTING, INC.; DOES 1-50, inclusive,<br><br>                    Defendants<br>_____/ | **Case No. 3:11-cv-02869-CRB**<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT**<br><br>**Date: November 13, 2015**<br>**Time: 10:00 a.m.**<br>**Courtroom 6 – 17th Floor**<br>**Hon. Charles R. Breyer** |

THIS MATTER HAVING come before the Court for a hearing on November 13, 2015, pursuant to plaintiff Lucresia Cisneros' ("Plaintiff") Motion for Final Approval of the Class Action Settlement and for an Award of Attorneys' Fees, Costs, and Expenses (the "Motion"), at which time the parties, and any other interested persons present at the hearing and entitled to be heard, were afforded the opportunity to be heard in support of and in opposition to the proposed final approval of the Settlement Agreement and Release dated June 9, 2015 (the "Settlement Agreement") by and among the Plaintiff, individually and on behalf of the proposed Settlement Class, and defendant Springleaf Financial f/k/a American General Financial Services, Inc.

1    ("Defendant"), and notice of the Final Fairness Hearing having been duly given in accordance

2    with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily

3    Approving Class Action Settlement, (3) Approving Notice, and (4) Setting Final Fairness

4    Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the

5    Final Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Final

6    Order and Judgment, and good cause appearing therefore,

7              IT IS ORDERED, ADJUDGED AND DECREED on this 13th day of November 13, 2015

8    that:

9    1.      This Final Order and Judgment ("Final Judgment") incorporates the Settlement

10   Agreement, and the capitalized terms used but not otherwise defined herein shall have the

11   meanings and/or definitions ascribed to such terms in the Settlement Agreement, as submitted to

12   the Court with the Motion for Preliminary Approval of Class Action Settlement Agreement.

13   2.      This Court has jurisdiction over the subject matter of this Action and over all parties to

14   this Action, including all members of the Settlement Class.

15   3.      This Court certifies this Action, for settlement purposes only, as a class action.  The

16   following Settlement Class, conditionally certified by the Court in the Preliminary Approval

17   Order, is hereby certified under Federal Rule of Civil Procedure 23 for settlement purposes

18   only:

19              All California consumers who entered into an agreement to purchase goods and/or
                services which were sold by Logic's Consulting, Inc. and/or Hispanic
20              Educational, Inc. where the purchase was financed by American General
                Financial Services, Inc. (now known as Springleaf Financial Services, Inc.)
21              through a credit account at any time from October 5, 2004 through the date of
                preliminary approval of the Settlement.
22

23   4.      The Court finds that, for the purposes of settlement, the Settlement Class meets the

24   requirements necessary for class certification under Fed. R. Civ. P. 23(a):

25              (a)      The Settlement Class includes at least 118 individuals and is so numerous that

26              joinder of all members is impracticable;

27              (b)      There are questions of law and fact common to the Settlement Class;

28              (c)      The claims of Class Representative Lucresia Cisneros are typical of the claims of

the Settlement Class; and

    (d)    The Class Representative, together with Class Counsel, have fairly and adequately represented and protected, and will continue to fairly and adequately represent and protect, the interests of the Settlement Class.

5.    The Court finds that the Settlement Class, for the purposes of settlement, meets the requirements necessary for class certification under Fed. R. Civ. P. 23(b)(3), in that questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Manageability issues do not prevent certification in this controversy because there will be no trial.

6.    The Settlement Class Members have been provided with adequate notice of the Settlement.  The Class Notice, sent via first-class mail to each Settlement Class Member, constitutes the best notice practicable under the circumstances, was reasonably calculated to communicate actual notice of the litigation and the proposed Settlement to Settlement Class Members, and is in full compliance with the requirements of the Federal Rules of Civil Procedure and due process of law.

7.    The Settlement Class Members were given an adequate opportunity to opt out of the Settlement.  Attached to this Final Judgment as **Exhibit 1** is a true and correct list of all Settlement Class Members who timely submitted Requests for Exclusion.  No Settlement Class members, other than those listed in Exhibit 1, are excluded from the Settlement Class or from the effect of this Final Judgment.

8.    The Settlement Agreement is the product of extensive arm's length negotiation between the Parties, which included the following: (a) a mediation session on April 5, 2012 before Martin Quinn; (b) a mediation session on June 25, 2013 before the Honorable Edward A. Infante (Ret.); (c) continuing negotiations through Judge Infante; and (d) judicial settlement conferences on August 14, 2014, October 6, 2014, March 20, 2015 and May 12, 2015 and continued negotiations before Magistrate Judge Nathanael Cousins.

9.    The Settlement Agreement executed by the Parties provides substantial benefits to the

Settlement Class Members.  The terms thereof are fair, reasonable, adequate and in the best interests of the Settlement Class, and are therefore finally approved and incorporated herein by the Court.

10.    The Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement.  Therefore, the Court hereby orders the Parties to perform their obligations pursuant to the terms of the Settlement Agreement.  To the extent already implemented by the Parties, such implementation is hereby approved and ratified by the Court.

11.    Upon the Effective Date of the Settlement Agreement, Plaintiff and all Settlement Class Members, and their heirs, executors, administrators, representatives, agents, attorneys, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from the Claims as those terms are defined in Sections 2.17, 2.18 and 6.1 of the Settlement Agreement.

12.    Plaintiff expressly waives and relinquishes any and all rights and benefits which she may have under, or which may be conferred upon her by, the provisions of California Civil Code Section 1542, as set forth in Section 6.2 of the Settlement Agreement.

13.    This Action is hereby dismissed, on the merits, with prejudice, on the terms set forth in the Settlement Agreement, and without any award of attorneys' fees or costs except as expressly provided in the Settlement Agreement and in this Final Judgment.

14.    The terms of the Settlement Agreement and this Final Judgment shall be forever binding on all Settlement Class Members who have not opted out, including the Class Representative, and shall have res judicata effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any such Settlement Class Members.  This Court hereby bars and enjoins: (i) all Settlement Class Members who have not opted out, including the Class Representative, and all persons acting on behalf of, or in concert or participation with, such Settlement Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any such Settlement Class Member, based upon or asserting any of the Released Claims; and (ii) all Settlement Class Members who

1   have not opted out, including the Class Representative, and all persons acting on behalf of or in

2   concert or participation with such Settlement Class Members, from bringing a class action on

3   behalf of such Settlement Class Members or seeking to certify a class which includes such

4   Settlement Class Members, in any lawsuit based upon or asserting any of the Released Claims

5   as that term is defined in the Settlement Agreement.  This permanent bar and injunction is

6   necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment,

7   and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this

8   Court's jurisdiction and to protect its judgments.

9   15.     The Settlement Agreement (including, without limitation, its exhibits), and any and all

10  negotiations, documents, and discussions associated with it, shall not be deemed or construed to

11  be an admission or evidence by Defendant of any violation of any federal or statue statute, rule

12  or regulation, or principle of common law or equity, or of any liability or wrongdoing

13  whatsoever, or of the truth of any of the claims asserted in the Action or of the infirmity of any

14  defenses that have been raised or could be raised by Defendant in the Action, and evidence

15  relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in

16  any way, whether in the Actions or in any other action or proceeding, except for purposes of

17  enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval

18  Order, and/or this Order.

19  16.     It is expressly determined that there is no just reason for delay and the entry of this Final

20  Judgment is hereby directed.  In the event that this Final Judgment is appealed, its mandate will

21  automatically be stayed until and unless the Final Judgment is affirmed in its entirety by the

22  court of last resort to which such appeal(s) has (have) been taken and such affirmance is no

23  longer subject to further appeal or review.

24  17.     The Court approves Class Counsel's application for a Service Award to the Class

25  Representative Lucresia Cisneros in the amount of $5,000, to be paid by Defendant in

26  accordance with the terms of the Settlement Agreement.  The Service Award shall be paid by

27  Defendant separate from and in addition to the payments to the Settlement Class Member and

28  shall not reduce the amounts of those payments.

18.     The Court approves Class Counsel's application for $325,000 in attorneys' fees and costs.  Defendant shall pay $295,000.00 to Class Counsel within fifteen (15) days of the Effective Date under the terms of the Settlement Agreement.  An additional $30,000 shall be paid to Class Counsel from any Residue in accordance with Sections 4.4 and 5.6 of the Settlement Agreement.  The Court finds that such an award is reasonable and appropriate under all of the circumstances presented.  The hourly rates and time expended upon which Class Counsel's lodestar is based are fully supported by the record, consistent with the rates charged by attorneys with similar qualifications, skills, and experience, and reasonable for litigation of this type.  The amount of the award was negotiated at arms-length among experienced counsel, and is reasonable compared to the benefits conferred.

19.     After the payment of the $30,000.00 to Class Counsel from the Residue, Settlement Administrator shall pay the remainder of any Residue, as *cy pres*, to the Bay Area Financial Education Foundation.

20.     Any and all objections to the Settlement and the Settlement Agreement are overruled as being without merit.

21.     If for any reason the Settlement terminates or final approval does not occur, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

22.     This Final Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

23.     Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this Settlement, in accordance with the Settlement Agreement and this Final Judgment.

24.     Class Counsel shall serve a copy of this Final Judgment on all Parties or their counsel within seven (7) days of receipt.

25.     By incorporating the Settlement Agreement herein, the Court determines that this Final

1    Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

2    **SO ORDERED**

3    Dated:  November 13, 2015

4    _____
     HON. CHARLES R. BREYER

1

## **EXHIBIT 1**

2

LIST OF SETTLEMENT CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

3

None

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28